## MARTIN WHEELER vs. PETER JOHNSON.

### May 1, 1875.

**Defendant not Liable on Contract between Plaintiff and a Third Person.**—The facts in this case being that stone, to recover the price of which this action is brought, were delivered to defendant under an arrangement by which the same were to be delivered in exchange for an equal quantity of stone belonging to defendant, the arrangement to be carried out by plaintiff, and the defendant being in no wise responsible for the carrying out of the same, such action for the price cannot be maintained.

Appeal by defendant from a judgment of the district court for St. Louis county, *McKelvey*, J., presiding, and from an order refusing a new trial.

*Setzer & Egan*, for appellant.

*J. D. Ensign*, for respondent.

BERRY, J. · Plaintiff was engaged in transporting certain stone belonging to defendant, from defendant's quarry to the mouth of the St. Louis river, and also at the same time

engaged in transporting stone of the same quality, belonging to one Davidson, from Davidson's quarry to the Duluth canal. At plaintiff's request, and for his convenience, Davidson, for himself, on the one hand, allowed plaintiff to deliver a quantity of stone belonging to defendant at Duluth canal, as and in the place of stone belonging to said Davidson, and for his (Davidson's) use and benefit, and defendant, for himself, on the other hand, allowed plaintiff to deliver an equal quantity of stone belonging to Davidson at the mouth of the St. Louis river, as and in the place of stone belonging to defendant, and for defendant's use and benefit. Under this arrangement plaintiff delivered, at Duluth canal, fifty-one cords of defendant's stone, and at the mouth of the St. Louis river, fifty-three cords of Davidson's stone. The plaintiff brings this action to recover of defendant the sum of two hundred and twelve dollars, alleging that, upon Davidson's demand therefor, he paid him that sum for the fifty-three cords of stone aforesaid, and that thereupon Davidson sold and assigned to him his (Davidson's) claim against defendant on account of said stone.

It is evident that this action can be maintained only upon the theory that defendant was in some way liable to Davidson for the price of the stone. But the facts in the case negative this theory, because they show that the fifty-three cords of stone were delivered under an arrangement for an *exchange* of defendant's stone for the same, an arrangement assented to by Davidson, and which was to be carried out by plaintiff, and for the carrying out of which defendant is in no way shown to have been responsible. Judgment reversed.